IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01190-MSK-KLM

DAVID GROBECKER, PH.D.,

    Plaintiff,

v.

JASON GRUNDY,
STEVEN GUSTIN,
MCNULTY, Sergeant, and
JOHN DOE,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery** [#30] (the "Motion"). Defendants ask the Court to stay discovery in this case until after the Chief Judge has ruled on their pending Motion to Dismiss [#21], which is currently referred to the undersigned for Recommendation [#23].

    Plaintiff initiated this lawsuit on May 6, 2013, pursuant to 42 U.S.C. § 1983 [#1]. Plaintiff filed an Amended Complaint [#11] on August 1, 2013. The facts of this matter arise from Plaintiff's arrest by Defendants pursuant to a bench warrant issued on August 13, 2012 by the Montrose County Court. Plaintiff presents two claims for relief: 1) unreasonable seizure under the Fourth Amendment against all Defendants, and (2) false arrest/false imprisonment/malicious prosecution under Colorado state law against all Defendants. It is unclear whether Defendants are sued in both their individual and official

capacities.

Defendants responded to Plaintiff's Amended Complaint with a motion to dismiss on October 14, 2013 [#21]. The motion to dismiss asserts several defenses. First, Defendants contend that Plaintiff fails to state a claim upon which relief can be granted. Second, Defendants assert an entitlement to qualified immunity on behalf of the individual defendants. Third, Defendants contend that the claims against Defendant McNulty should be dismissed for lack of personal participation. Last, Defendants argue that the state law claims must be dismissed pursuant to the Colorado Governmental Immunity Act. Defendants request that Plaintiffs' case be dismissed in its entirety.

Defendants filed the Motion at hand on November 20, 2013. Defendants aver that because the defense of qualified immunity is raised in the motion to dismiss, the Court should stay all discovery. In addition to the law regarding qualified immunity and discovery, Defendants cite to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) in support of their position. Defendants argue that the five factors articulated in *String Cheese Incident* weigh in favor of imposing a stay. Plaintiffs are unopposed to the request for a stay.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid*

*Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted).  The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and

burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Plaintiff only seeks monetary damages in this action. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#30] is **GRANTED in part and DENIED in part**. The Motion is **granted** to the extent that all discovery related to Plaintiff's claims against Defendants in their individual capacities is **STAYED** pending resolution of the motion to dismiss [#21]. The Motion is **denied** to the extent that all discovery related to Plaintiff's claims against Defendants in their official capacities shall proceed.

DATED: December 9, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge