IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01190-MSK-KLM

DAVID GROBECKER, PH.D.,

      Plaintiff,

v.

JASON GRUNDY,
STEVEN GUSTIN,
CAM BOLDON, and
DEAN MCNULTY,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Plaintiff's First Amended Complaint** [#21][1] (the "Motion"), filed by Defendants Jason Grundy ("Grundy"), Steven Gustin ("Gustin"), Cam Boldan[2] ("Boldan"), and Dean McNulty ("McNulty"). On November 1, 2013, Plaintiff filed a Response [#22]. On November 22, 2013, Defendants filed a Reply [#32]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court for recommendation [#23]. The Court has reviewed the

---

[1] "[#21] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] In the case caption in the Amended Complaint, Defendant Boldan's name is spelled as "Boldon." However, throughout the rest of the Amended Complaint and in the Motion, the Response, and the Reply, the name is spelled "Boldan." Accordingly, the Court proceeds with this latter spelling.

Motion, the Response, the Reply, the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#21] be **GRANTED**.

## I. Background

According to the Amended Complaint, Plaintiff received a traffic citation and was scheduled to appear in court on August 15, 2012.  *Am. Compl.* [#11] ¶ 7.  However, an arrest warrant was erroneously issued for Plaintiff on August 13, 2012, for failure to appear in court for the traffic citation.[3]  *Id.*  The arrest warrant specified that Plaintiff failed to appear in court for a traffic citation.  *Id.*  On August 13, 2012, the day the arrest warrant was issued, Defendants Grundy, Gustin, and Boldan were dispatched to execute the warrant.  *Id.* ¶ 8.  They arrived at Plaintiff's residence and informed him that they had a warrant for his arrest for failure to appear in court for his traffic citation.  *Id.* ¶ 9.  In response, Plaintiff showed them the traffic citation, which specified August 15, 2012, as the appearance date, and not August 13, 2012, as indicated in the arrest warrant.  *Id.*

After conferring among themselves, Defendants Grundy, Gustin, and Boldan arrested Plaintiff and transported him to the Montrose County Jail.  *Id.* ¶ 10.  They did not investigate the discrepancy between the date on which Plaintiff was alleged to have failed to appear in the arrest warrant and the appearance date specified in the traffic summons.  *Id.* ¶ 14.  Plaintiff alleges that in light of the traffic citation produced by Plaintiff, "reliance on the warrant for probable cause to arrest was objectively unreasonable."  *Id.* ¶ 10.  Plaintiff asserts that Defendants Grundy, Gustin, and Boldan "knew from objectively credible

---

[3] It is unclear from the Amended Complaint how the erroneous arrest warrant was issued, but it seems to have been issued due to a clerical error.

evidence that the warrant had been issued without probable cause and was void from its inception." *Id.* ¶ 9.

At the Montrose County Jail, Defendant McNulty was informed that Plaintiff's traffic citation specified August 15, 2012, as the appearance date, and not August 13, 2012, as specified in the arrest warrant. *Id.* ¶ 12. Despite this knowledge, Defendant McNulty "approved [Plaintiff]'s arrest and booking, thus commencing the detention and continuing the prosecution of [Plaintiff] for failure to appear." *Id.* Defendant McNulty did not investigate the date discrepancy either. *Id.* ¶ 14. On the same day as his arrest, Plaintiff was released on bond of $750.00 and ordered to appear in court on August 20, 2012, on the charge of failure to appear. *Id.* ¶ 15. On August 20, 2012, all charges against Plaintiff were dismissed with prejudice. *Id.* ¶ 16.

Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his Fourth Amendment rights to be free from unreasonable seizures and to be free from malicious prosecution. *Id.* ¶¶ 21, 30. Plaintiff also brings state law claims for false arrest, false imprisonment, and malicious prosecution. *Id.* ¶ 30-35. Plaintiff alleges that Defendants' conduct has caused him "emotional injuries, economic and non-economic damages and embarrassment and humiliation." *Id.* ¶ 27. Plaintiff seeks monetary damages. *Id.*

## II.  Standard of Review

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to

support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

-4-

possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III.  Analysis

In his Amended Complaint, Plaintiff relies on 42 U.S.C. § 1983 to assert claims of false arrest and malicious prosecution against Defendants under the Fourth Amendment. *Am. Compl.* [#11] ¶¶ 25, 30-35.   In their Motion, Defendants assert that Plaintiff's allegations cannot support claims for false arrest and malicious prosecution under § 1983 "because there is no violation of a constitutional right by the execution of a facially valid warrant." *Motion* [#21] at 6.  Defendants also assert a defense of qualified immunity. *Id.* at 12.  The Court addresses this latter argument first.

### A.     Qualified Immunity

Defendants argue that, to the extent Plaintiff seeks to hold them individually liable, they are entitled to qualified immunity. *Motion* [#21] at 12-17.  A police officer sued under § 1983 is entitled to qualified immunity unless it is shown that the officer violated a constitutional right that was clearly established at the time of the challenged conduct. *Plumhoff v. Rickard*, __ U.S. __, __, 2014 WL 2178335, at *9 (May 27, 2014) (citing *Ashcroft v. al-Kidd*, 563 U.S. __, __, 131 S. Ct. 2074, 2080 (2011)).   "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When the defense of qualified immunity is raised, the Court must consider whether Plaintiff's factual allegations demonstrate that Defendants violated a constitutional right and, secondly, whether that constitutional right was clearly established at the time of the

alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.*  However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*  In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors to review first in light of the circumstances of the case. *Id.* at 236.

Courts must examine whether the constitutional right was clearly established in "the context of the particular case before the court, not as a general, abstract matter." *Simkins v. Bruce*, 406 F.3d 1239, 1241 (10th Cir. 2005).  That is, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in each defendant's position] that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  Further, in order for a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other Circuits must have established the constitutional right. *Medina v. City & Cnty. of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).  In other words, there must be case authority in which a constitutional violation was found based on similar conduct. *See Callahan v. Millard Cnty.*, 494 F.2d 891, 903 (10th Cir. 2007).

### 1.  Unreasonable Seizure/False Arrest

#### a.  Violation of Constitutional Right

Plaintiff was arrested one time, on August 13, 2012, by Defendants Grundy, Gustin,

and Boldan for failure to appear in court after Plaintiff showed them a traffic citation specifying an appearance date of August 15, 2012. *Am. Compl.* [#11] ¶¶ 9-10.   To maintain a false arrest claim under § 1983, a plaintiff must demonstrate the elements of the common law tort of false arrest, and show that his or her Fourth Amendment right to be free from unreasonable search and seizure has been violated. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996); *see also Walker v. Briley*, 140 F. Supp. 2d 1249, 1257 n.6 (N.D. Ala. 2001) (stating that while the "core issue with respect to any section 1983 claim is whether a constitutional violation occurred . . . [the] common law is often a proper starting point for examining the elements and immunities applicable to section 1983 claims").   In Colorado, the common law tort of false arrest contains three elements. *Atencio v. King Soopers*, No. 11-cv-02195-PAB-MEH, 2012 WL 6043602, at *6 (D. Colo. Dec. 5, 2012).

> [T]o establish a false arrest claim, a plaintiff must prove [that] . . . (1) the defendants intended to restrict plaintiff's freedom of movement; (2) plaintiff's freedom of movement was restricted for a period of time, however short, by an act of defendants; and (3) plaintiff was aware that [his or her] freedom of movement was restricted.

*Id.* (citing *Goodboe v. Gabriella*, 663 P.2d 1051, 1055-56 (Colo. App. 1983)).   However, a claim for false arrest ultimately fails if there was probable cause for the arrest. *Rose v. City & Cnty. of Denver*, 990 P.2d 1120, 1123 (Colo. App. 1999).

The Fourth Amendment not only requires probable cause for an arrest warrant, but also protects against "unreasonable searches and seizures." U.S. Const. amend. IV.   All arrests, either with or without a warrant, "must be reasonable under the circumstances." *al-Kidd*, 563 U.S. at __, 131 S. Ct. at 2080; *see also Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 71 (1992) ("[R]easonableness is still the ultimate standard under the Fourth Amendment" (internal quotation marks omitted)).   Where a defense of qualified immunity is asserted

against a claim for false arrest, a complaint must contain specific, non-conclusory allegations of fact "sufficient to allow the . . . court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law." *Dill v. City of Edmond, Okla.*, 155 F.3d 1193, 1203 (10th Cir. 1998).

The parties do not dispute that the arrest warrant here was erroneously issued. Rather, the threshold question here is whether Defendants themselves acted unreasonably in arresting Plaintiff under the particular circumstances. *Saucier*, 533 U.S. at 201 (explaining that the first step of qualified immunity analysis asks whether "the *officer's conduct* violated a constitutional right" (emphasis added)).

Plaintiff alleges that Defendants Grundy, Gustin, and Boldan "arrested [Plaintiff] and transported him to Montrose County Jail where he was booked . . . [d]espite knowledge that the warrant was issued without probable cause and was void from its inception and after conferring among themselves." *Am. Compl.* [#11] ¶ 10. The facts in the Amended Complaint sufficiently allege the elements of false arrest under Colorado law. Taking Plaintiff's pleadings as true, *see Mobley*, 40 F.3d at 340, the Court concludes that the first element of false arrest is met because Defendants Grundy, Gustin, and Boldan must have intended to restrict Plaintiff's freedom of movement when they "arrested [Plaintiff] and transported him to Montrose County Jail where he was booked." *Am. Compl.* [#11] ¶ 10. Such actions by Defendants Grundy, Gustin, and Boldan could have had no other plausible intention, and the Motion does not contend otherwise. *Motion* [#21] at 2-4. The second element is met because Plaintiff's freedom of movement was restricted when he was arrested and booked at Montrose County Jail on August 13, 2012. *Am. Compl.* [#11] ¶ 12. Finally, the Court concludes that the third element of the common law tort of false arrest

-8-

is met because Plaintiff's arrest and booking undoubtedly made him acutely aware that his freedom was restricted. *Id.*

Regarding Defendant McNulty, Plaintiff alleges that he "approved the arrest and booking, thus commencing the detention and continuing the prosecution of [Plaintiff] for failure to appear." *Am. Compl.* [#11] ¶ 12.  The facts in the Amended Complaint also sufficiently allege the elements of false arrest under Colorado law against Defendant McNulty.   Taking Plaintiff's pleadings as true, *see Mobley*, 40 F.3d at 340, the Court concludes that the first element of false arrest is met because Defendant McNulty must have intended to restrict Plaintiff's freedom of movement when he "approved the arrest and booking" of Plaintiff. *Am. Compl.* [#11] ¶ 12.  Such actions by Defendant McNulty could have had no other plausible intention, and the Motion does not contend otherwise. *Motion* [#21] at 2-4.  The second element is met because Plaintiff's freedom of movement was restricted when he was arrested and booked at Montrose County Jail on August 13, 2012. *Am. Compl.* [#11] ¶ 12. Finally, the Court concludes that the third element of the common law tort of false arrest is met because Plaintiff's arrest and booking undoubtedly made him acutely aware that his freedom was restricted. *Id.*

Although all three elements are met for each defendant, because the existence of probable cause precludes a claim for false arrest in violation of the Fourth Amendment, the Court must also determine whether Plaintiff has adequately alleged a lack of probable cause. *Rose*, 990 P.2d at 1123.  "Probable cause exists 'where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003)

(quoting *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985)).  "[W]here there is a question of fact or 'room for a difference of opinion' about the existence of probable cause, it is a proper question for a jury."  *Bruner v. Baker*, 506 F.3d 1021, 1028 (10th Cir. 2007) (quoting *DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir. 1990); *see also Valdez v. Black*, 446 F.2d 1071, 1077 (10th Cir. 1971).  Here, simple communication with the police station or county clerk's office may have disposed of the discrepancy between the dates in a short amount of time.  A factfinder could reasonably determine that the circumstances did not require an urgent arrest, because the arrest warrant was based on an alleged failure to appear in court, not a violent crime or circumstance posing an imminent public danger.  The Court therefore assumes, arguendo, that Plaintiff has adequately alleged that probable cause did not exist when Defendants arrested Plaintiff.  However, even thus assuming that Plaintiff has met the probable cause requirement, the Court finds that Defendants are entitled to qualified immunity based on the clearly-established prong of the test, as detailed below.

### b.    Clearly Established Right

In the second step of the qualified immunity analysis, the Court turns to whether the right was clearly established at the time of Plaintiff's arrest.  An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."  *Plumhoff*, 2014 WL 2178335, at *9 (citing *al-Kidd*, 131 S. Ct. at 2083).  *see also Saucier*, 533 U.S. at 202 ("[t]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

The requirement that the right be clearly established "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions,"

*al-Kidd*, 131 S. Ct. at 2085, and "ensure[s] that before they are subjected to suit, officers are on notice [that] their conduct is unlawful," *Saucier*, 533 U.S. at 206.  In *al-Kidd*, the Supreme Court noted that "[t]he general proposition . . . that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."  131 S. Ct. at 2084 (internal quotation marks omitted).  Only "in an obvious case" may standards "cast at a high level of generality" constitute clearly established law.  *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004).

Plaintiff asserts that "there can be no dispute that it is clearly established that an arrest without probable cause is in violation of the Fourth Amendment," and that "[t]he general contours of a person's Fourth Amendment right to be free from arrest without probable cause is so axiomatic as to require no particular citation." *Response* [#22] at 7. Plaintiff primarily relies on *Berg v. County of Allegheny*, 219 F.3d 261 (3d Cir. 2000).  In *Berg*, an officer arrested the plaintiff pursuant to an arrest warrant that had been erroneously issued.  *Berg*, 219 F.3d at 267.  A county clerk had made multiple errors in generating a warrant, and the plaintiff's name, instead of the correct individual, was specified in the warrant.  *Id.*  The plaintiff had completed his parole term three years prior to the arrest, and when an officer came to the plaintiff's residence to arrest him pursuant to the warrant, the plaintiff protested and offered to show the relevant documents indicating that the arrest warrant was clearly erroneous.  *Id.* at 267.  The arresting officer refused to review the release documents, and the plaintiff was arrested and transported to the county jail.  *Id.* at 268.  The Third Circuit ultimately held that the arrest violated the Fourth Amendment because the county officials who issued the warrant did not have probable

cause to arrest the plaintiff. *Id.* at 271. The court's holding however, however, was not based on the conduct of the arresting officer, and the court did not rule on the qualified immunity defense. *Id.* at 273-74.

Plaintiff also relies on *People v. Mitchell*, 678 P.2d 990, 992 (Colo. 1984). In *Mitchell*, the court considered a challenge to a ruling which suppressed evidence stemming from an erroneously issued arrest warrant. *Id.* The court's holding did not address the constitutional issues presented, but rather merely addressed the applicability of a statutory exception to the exclusionary rule. *Id.* at 995. In addition, Plaintiff relies on cases addressing probable cause in the context of warrantless searches and seizures. *See Response* [#22] at 2-8 (citing *Graham v. Connor*, 490 U.S. 386, 389 (1989); *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007); *Storey v. Taylor*, 696 F.3d 987, 992 (10th Cir. 2012)). The existence of an arrest warrant here, however, creates a factually distinct circumstance. *See People v. Gouker*, 665 P.2d 113, 116 (Colo. 1983) ("[T]he existence of an outstanding warrant provides a prima facie showing of probable cause, although the person may challenge the validity of the arrest warrant at a post-arrest probable cause hearing."). Similarly, Plaintiff relies on a variety of cases where courts allowed Fourth Amendment claims to proceed when significant, factual errors were made by police officers in executing search and seizure warrants. *Response* [#22] at 6 (citing *Dawkins v. Graham*, 50 F.3d 532, 534-35 (8th Cir. 1995); *Hartsfield v. Lemacks*, 50 F.3d 950, 955 (11th Cir. 1995); *Tillman v. Coley*, 703 F. Supp. 1571, 1577-78 (M.D. Ga. 1989)). Such authority, however, does not demonstrate a constitutional violation based on similar conduct. *Callahan*, 494 F.2d at 903.

In any event, the law as a whole at the time of Plaintiff's arrest in August 2012 did

not clearly establish the unconstitutionality of Defendants' actions.  Police officers "'charged with the duty of executing a facially valid court order enjoy[ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (quoting *Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989).  In the same regard, state officials are not required to scrutinize the orders of judges that do not fulfill every relevant legal requirement.  *Id.* at 1473.  "Simple fairness requires that state officers 'not be called upon to answer for the legality of decisions which they are powerless to control.'" *Id.* (quoting *Valdez*, 878 F.2d at 1289); *see also Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984) ("Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity."); *Lauer v. Dahlberg*, 717 F. Supp. 612, 614 (N.D. Ill. 1989), *aff'd*, 907 F.2d 152 (7th Cir. 1990) (rejecting the notion that police officers are required to investigate the active status of warrants).  A police officer, in executing an arrest warrant, is not "required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979).

Given the conflicting case law at the time of Plaintiff's arrest in 2012, the Court cannot conclude that "every reasonable official would have understood" that Defendants' conduct here was unreasonable and violated Plaintiff's Fourth Amendment rights. *al-Kidd*, 131 S. Ct. at 2083 (internal quotation marks omitted); *see also Saucier*, 533 U.S. at 202. The existing precedent did not place the question of reasonableness under these circumstances "beyond debate." *al-Kidd*, 131 S. Ct. at 2083.  Accordingly, the Court **recommends** that Plaintiff's Fourth Amendment false arrest claim be **dismissed with**

**prejudice**.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (recognizing that dismissal on the merits of the complaint is ordinarily with prejudice).

### 2.   Malicious Prosecution

Plaintiff's second claim alleges that Defendants violated Plaintiff's Fourth Amendment right to be free from malicious prosecution.  *Am. Compl.* [#11] ¶¶ 30-35.  The Tenth Circuit looks to the common law elements of malicious prosecution as the starting point for analysis, but ultimately determines whether the "plaintiff has proven the deprivation of a constitutional right."  *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257 (10th Cir. 2007).

The establishment of a Fourth Amendment claim for malicious prosecution requires the plaintiff to prove that: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Lopez v. Prince*, No. 11-cv-02352-CMA-BNB, 2012 WL 3277178, at *5 (D. Colo. Aug. 9, 2012).

Generally, plaintiffs cannot sue police officers for malicious prosecution under § 1983 because "'the chain of causation is broken' between the arrest and the actual prosecution."  *Barton v. City & Cnty. of Denver*, 432 F. Supp. 2d 1178, 1207 (D. Colo. 2006) (quoting *Taylor*, 82 F.3d at 1564).  In her concurrence in *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring), Justice Ginsburg reasoned that the principal player in carrying out a prosecution is not the police officer but, rather, the prosecutor. Thus, "the anomaly lies in the reality that, under a malicious prosecution claim against an officer, 'the star player is exonerated, but the supporting actor is not.'"  *Lopez*, 2012 WL

3277178, at *5 (quoting *Albright*, 510 U.S. at 279 n.5 (Ginsburg, J.,concurring)).  *See also*

*Washington v. Summerville*, 127 F.3d 552, 559-60 (7th Cir. 1997).  Nonetheless, malicious

prosecution claims may be proper if the police officer misrepresents or conceals facts from

the prosecutor.  *Barton*, 432 F. Supp. 2d at 1207.

      To satisfy the fourth element of a Fourth Amendment malicious prosecution claim,

a plaintiff must prove that the defendant acted with malice.  *Lopez*, 2012 WL 3277178, at

*5.  Malice, within the context of malicious prosecution, "is any motive other than a desire

to bring an offender to justice . . . [and] may be inferred from a want of probable cause."

*Montgomery Ward & Co. v. Pherson*, 272 P.2d 643, 646 (Colo. 1954).  Additionally,

"[f]alsifying or omitting evidence 'knowingly and intentionally, or with reckless disregard for

the truth' is sufficient to establish malice in the context of malicious prosecution claims.

*Carbajal v. Serra*, 2012 WL 4369873, at *13 (D. Colo. Aug. 29, 2012) (quoting *Franks v.

Delaware*, 438 U.S. 154, 155-56 (1978)).

      The Court agrees with Defendants that the Amended Complaint fails to provide the

requisite factual specificity on the "key element of malice."  *Myers v. Koopman*, 2010 WL

3843300, at *4 (D. Colo. Sept. 27, 2010).  Plaintiff alleges that Defendants' arrest and

continued prosecution of Plaintiff "was done with conscious knowledge that it would cause

severe emotional injury to and blemish the public record with respect to [Plaintiff]."  *Am.

Compl.* [#11] ¶¶ 10, 12.  Plaintiff also alleges that "Defendants had a duty to protect

[Plaintiff].  They did just the opposite.  As such, their conduct was malicious."  *Id.* ¶ 30.

Moreover, the Amended Complaint contains various formulations of the following:

> The arrest of [Plaintiff] and his imprisonment and prosecution was done by
> the Defendants knowing that there was no probable cause for his arrest,
> detention, and prosecution.  The Defendants' conduct was willful in that they

intentionally arrested and booked [Plaintiff] and required that he post a bond and appear and defend charges which they knew were false.  They acted wantonly in that they did these acts knowing [Plaintiff] would be injured by their conduct.

*Id.* ¶ 35.  As pled, these allegations are insufficient to sustain a claim for malicious prosecution.[4]

In reaching this conclusion, the Court acknowledges that under the Colorado common law tort of malicious prosecution—which is analogous to a § 1983 malicious prosecution claim, *see McCarthy v. Gilchrist*, 646 F.3d 1281 (10th Cir. 2011)—malice "may be inferred from the want of probable cause."  *Pherson*, 272 P.2d at 646; *see also Barton v. City & Cnty. of Denver*, 432 F. Supp. 2d 1178, 1195 (D. Colo. 2006).  It appears, however, that cases from this District that have found the inference applicable only when an officer supplied false or misleading information that furthered the prosecution.  *See Kennedy v. Finley*, No. 11-cv-00967-REB-KMT, 2012 WL 2564796, at *6 (D. Colo. July 2, 2012) (relying in part on the inference and finding allegations of malice sufficient where the officer allegedly falsely stated that the bullets used in the underlying crime matched those seized from the plaintiff's house, while knowing his methods were questionable); *Barton*, 432 F. Supp. 2d at 1194-95 ("Thus, a jury arguably may be able to infer . . . that *if the officers supplied false or misleading information* to prosecutors, the element of malice is

---

[4]  The Court recognizes that the "willful" and "wanton" conduct allegations in the Amended Complaint are primarily directed toward Plaintiff's state law claims as they relate to the Colorado Governmental Immunity Act.  *See* Colo. Rev. Stat. § 24-10-118(2)(a) ("A public employee shall be immune from liability in any claim for injury . . . unless the act or omission causing such injury was *willful and wanton . . .*") (emphasis added).  Nevertheless, in his Response [#22], Plaintiff states that "[t]he gravamen of Plaintiff's complaint arises from a series of related events all of which violated the Fourth Amendment of the Constitution of the United States."  *Response* [#22] at 2.  As such, Plaintiff's allegations of "willful" and "wanton" conduct are co-mingled with the Fourth Amendment false arrest allegations.

satisfied . . . .") (emphasis added). When such false or misleading statements are not present, other decisions from this District have found general allegations of malice to be insufficient. *See Myers*, 2010 WL 3843300, at *4 (finding original complaint's conclusory allegations of malice as to a generalized group to be insufficient).

Here, the Court finds it inappropriate to infer that Defendants acted with malice based solely on the assertion that there was a lack of probable cause to support Plaintiff's arrest. As discussed above, the existence of an arrest warrant provides a prima facie showing of probable cause. *See Gouker*, 665 P.2d at 116. In addition, Plaintiff makes no allegation that Defendants supplied false or misleading information.

Altogether, Plaintiff's factual allegations do not permit the court to infer more than a "mere possibility" that Defendants acted with malice. *Iqbal*, 556 U.S. at 679. Allegations of malice require more than just vague and conclusory statements regarding a defendant's conduct, and the Amended Complaint is inadequate in this regard. As such, Plaintiff's factual allegations, even when viewed in a favorable light, are "merely consistent with" Defendants' liability and thus "stop[ ] short of the line between mere possibility and plausibility of entitlement to relief." *Id.* Accordingly, because Plaintiff has failed to sufficiently allege that Defendants acted with malice in arresting him or causing his continued confinement, Defendants are entitled to qualified immunity from Plaintiff's malicious prosecution claim.

For the foregoing reasons, the Court concludes that Plaintiff has not sufficiently pled the elements of a Fourth Amendment malicious prosecution claim against Defendants, and the Court **recommends** that Plaintiff's Fourth Amendment false arrest claim be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1216 (10th Cir. 2006) (recognizing that

dismissal on the merits of the complaint is ordinarily with prejudice).

**B.   State Law Claims**

The Court notes that Plaintiff's only remaining claims—false arrest, false imprisonment, and malicious prosecution—sound in state law.  These are claims which "[f]ederal law neither created . . . nor is federal law a necessary element of [them]."  *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. 2012) (citation and quotation omitted).  As a result, in order to consider the remaining claims, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The exercise of supplemental jurisdiction "is within a district court's discretion."  *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013).  Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").  Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See Am. Compl.* [#11] ¶  6.  Plaintiff does not plead any basis for diversity jurisdiction, and it appears from Plaintiff's allegations that both Plaintiff and Defendants are citizens of the State of Colorado.  *Id.* ¶¶  1, 2-5 (identifying Plaintiff as residing in Colorado, and stating that Defendants were law enforcement officers in Colorado).  Thus, having recommended dismissal of Plaintiff's federal claims against Defendants, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's state law

claims against Defendants and that such claims be **dismissed without prejudice**. *See Brereton*, 434 F.3d at 1216 (recognizing established rule that "where the district court dismisses an action for lack of jurisdiction . . . , the dismissal must be without prejudice" because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim").

### IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that the Motion [#21] be **GRANTED** as to both the Fourth Amendment false arrest and the Fourth Amendment malicious prosecution claims, and that these claims be **DISMISSED with prejudice**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's state law claims be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: June 4, 2014 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge