**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-01190-MSK-KLM**

**DAVID GROBECKER, PH.D.,**

    **Plaintiff,**

**v.**

**JASON GRUNDY;
STEVEN GUSTIN;
CAM BOLDON; and
DEAN MCNULTY,**

    **Defendants.**

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

    **THIS MATTER** comes before the Court on the Recommendation **(#34)** of the Magistrate Judge that the Defendants' Motion to Dismiss **(#21)** be granted.  The Plaintiff filed Objections **(#35)** to the Recommendation, to which the Defendants responded **(#36)**.

    The Plaintiff brings this action under 42 U.S.C. § 1983, asserting claims of unlawful arrest and malicious prosecution in violation of the Fourth Amendment of the United States Constitution, as well as state law claims for false arrest, false imprisonment, and malicious prosecution.  The Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that they are entitled to qualified immunity on the federal claims and that the state law claims are barred under the Colorado Governmental Immunity Act (CGIA).  The motion to dismiss was fully briefed and referred to the Magistrate Judge for a Recommendation.

    The Recommendation that issued found that (1) the Defendants are entitled to qualified immunity on both the false arrest and malicious prosecution claims; and (2) the Court should

1

decline to exercise supplemental jurisdiction over the remaining state law claims.  It therefore recommends that the motion to dismiss be granted.

The Recommendation advised the parties that specific, written objects were due within 14 days after being served with a copy of the Recommendation.  The Plaintiff timely filed his Objections to the Recommendation.

The Plaintiff makes two general objections. First, he states that he objects to the "recommendation that the false arrest claim be dismissed on the grounds that the execution of an arrest warrant under the allegations presented here was not a clearly established violation of the Fourth Amendment thus entitling the Defendants to qualified immunity."  As to this objection, the Plaintiff states that he "will not rehash the arguments presented in his opposition to the motion to dismiss."  He then cites to three cases that were previously cited in his opposition brief, with no explanation as to how they should have been applied by the Magistrate Judge.  Second, the Plaintiff states that he objects to the "recommendation that the Fourth amendment claim based upon malicious prosecution be dismissed for failure to adequately plead malice."  With a citation to the Restatement (Second) of Torts, the Plaintiff makes the conclusory statement that "[a]rresting a person in the face of credible evidence that there is no probable cause to believe he committed a crime clearly fits within the legal definition of malice."

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge conduct a *de novo* review of any part of the magistrate judge's recommendation that has been properly objected to.  An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  An objection is sufficiently

specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*

Here, the Plaintiff fails to identify the particular errors that the Magistrate Judge committed. His objections are conclusory and non-specific. He relies solely on arguments previously presented in his briefing, and he does not make any specific objection to any aspect of the Magistrate Judge's construction of the facts or analysis of the law. Although he cites to a few authorities, he provides no explanation as to how the recommendations conflict with that law. The Court therefore finds that the Plaintiff has not filed sufficiently specific objections to require the Court to conduct a *de novo* review. In the absence of specific objections, the Court applies whatever standard of review it determines appropriate. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Having carefully reviewed the Recommendation and other relevant portions of the record, the Court finds that although it would use different reasoning, it would reach the same conclusion as did the Magistrate Judge and consequently there is no clear error.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")  Thus, the Court **ADOPTS** the Recommendation **(#34)** and **GRANTS** the Defendants' Motion to Dismiss **(#21)**.  The Plaintiff's claims brought under 42 U.S.C. § 1983 are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice.  The Clerk shall close this case.

Dated this 18th day of July, 2014.

                      **BY THE COURT:**

                      */s/ Marcia S. Krieger*

                      Marcia S. Krieger
                      Chief United States District Judge